IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | |
| KARZARTA PIETT, | * | CASE NO. 4:21-CR-33 (CDL) |
| Defendant. | * | |

O R D E R

At the final pretrial conference, the Government notified the Court that authority existed suggesting that a jury may need to decide, for sentencing enhancement purposes under the Armed Career Criminal Act, whether Defendant's prior convictions were for offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Court reviewed the authority relied upon by Government counsel and finds that it clearly leaves this issue unresolved. *See Wooden v. United States*, 142 S. Ct. 1063, 1068 n.3 (2022) (noting that the Supreme Court did not address "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion").

Thus, the current Eleventh Circuit precedent applies. And that precedent holds that a judge, not the jury, shall decide this issue, particularly for offenses that are not committed within close temporal proximity to each other. *United States v. Dudley*,

5 F.4th 1249, 1260 (11th Cir. 2021) (stating that the Eleventh Circuit has "repeatedly rejected the argument that judicially determining whether prior convictions were committed on different occasions from one another for purposes of the ACCA violates a defendant's Fifth and Sixth Amendment rights"); *see also United States v. Haynes*, No. 19-12335, 2022 WL 3643740, at *5 (11th Cir. Aug. 24, 2022) (per curiam) (finding that the district court did not err in determining that two of the defendant's prior convictions occurred on separate occasions); *cf. Wooden*, 142 S. Ct. at 1071 (noting that the question whether offenses occurred on separate occasions is usually "straightforward and intuitive," and that the courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart").

Accordingly, as long as the dates for the predicate offenses can be ascertained easily from the conviction documents and as long as those documents clearly demonstrate that the offenses were committed on occasions different from one another, the Court does not presently intend for the jury to decide the dates that the predicate offenses occurred.

IT IS SO ORDERED, this 8th day of February, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA